UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHEREAN HAYNES  and BRANDON NATHANIEL,

Plaintiffs,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DOE #1; POLICE OFFICER JOHN DOE #2;
POLICE OFFICER JOHN DOE #3; POLICE
OFFICER JANE DOE #1; POLICE OFFICER
NELSON;  POLICE OFFICER JOHN DOE #4;
POLICE OFFICER JANE DOE #2; POLICE OFFICER
MARTICCUCI; POLICE OFFICER JOHN DOE # 5;
POLICE OFFICER MIKELANG ZIDOR; POLICE OFFICER
JANE DOE # 3,

Defendants.
------------------------------------------------------------X

Plaintiffs complaining of the defendants by their attorneys, TUMELTY &

SPIER, LLP, hereby allege, upon information and belief,  as follows:

## PREAMBLE

1.      This is an action to redress the deprivation by the defendants of the rights

secured to the plaintiffs by the Constitution and laws of the United States and the State of New

York.

2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331,

1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of

Title 42, United States Code.

3.      Venue is placed in the Eastern District of New York because it is the District

where the Plaintiffs reside and where the claimed acts and omissions occurred.

1

## THE PARTIES

4.    Plaintiff CHEREAN HAYNES ( hereinafter "HAYNES") was and still is an adult resident of Kings County, City and State of New York.

5.    Plaintiff BRANDON NATHANIEL ( hereafter " NATHANIEL") was and still is an adult resident of Kings County, City and State of New York.

6.    The defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

7.    The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

8.    The defendant POLICE OFFICER JOHN DOE #1, a police officer employed by the New York Police Department, whose name is currently unknown ( hereafter "P.O. JOHN DOE #1") is an adult resident of the State of New York.

9.    That P.O. JOHN DOE #1 , upon information and belief, was assigned to the 79TH police precinct at al times herein mentioned.

10.    At all relevant times P.O. JOHN DOE #1 was employed as a New York City Police Officer and was employed by the City of New York.

11.    At all relevant times P.O. JOHN DOE #1 was assigned to a marked patrol car within the confines of the 79th police precinct.

12.    That at all times hereinafter mentioned, defendant P.O. JOHN DOE #1 was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

2

13.   Defendant P.O. JOHN DOE #1 is sued only in his individual capacity.

14.   At all times hereinafter mentioned, defendant P.O. JOHN DOE #1 was acting under color of law, to wit: the laws of the State of New York and City of New York.

15.   The defendant POLICE OFFICER JOHN DOE #2 ( hereafter P.O. JOHN DOE #2) is an adult resident of the State of New York.

16.   That P.O. JOHN DOE #2, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79TH police precinct at all times mentioned herein.

17.   At all relevant times P.O. JOHN DOE #2 was employed as a New York City Police Officer and was employed by the City of New York.

18.   At all relevant times P.O. JOHN DOE #2 was working as a partner to P.O. JOHN DOE #1 at all times mentioned herein.

19.   That at all times hereinafter mentioned, defendant P.O. JOHN DOE #2 was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

20.   Defendant P.O. JOHN DOE #2 is sued only in his individual capacity.

21.   At all times hereinafter mentioned, defendant P.O. JOHN DOE #2 was acting under color of law, to wit: the laws of the State of New York and City of New York.

22.   The defendant POLICE OFFICER JOHN DOE #3 ( hereafter P.O. JOHN DOE #3 is an adult resident of the State of New York.

23.   That P.O. JOHN DOE #3, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79TH police precinct at all times mentioned herein.

3

24.     At all relevant times P.O. JOHN DOE #3 was employed as a New York City Police Officer and was employed by the City of New York.

25.     At all relevant times P.O. JOHN DOE #3 was working as a partner to P.O. JOHN DOE #1 and P.O JOHN DOE #2.

26.     That at all times hereinafter mentioned, defendant P.O. JOHN DOE #3 was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

27.     Defendant P.O. JOHN DOE #3 is sued only in his individual capacity.

28.     At all times hereinafter mentioned, defendant P.O. JOHN DOE #3 was acting under color of law, to wit: the laws of the State of New York and City of New York.

29.     The defendant P.O. JANE DOE #1 is an adult resident of the State of New York.

30.     That P.O. JANE DOE #1, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79TH police precinct at all times mentioned herein.

31.     At all relevant times P.O. JANE DOE #1 was employed as a New York City Police Officer and was employed by the City of New York.

32.     At all relevant times P.O. JANE DOE #1 was working as a partner to P.O. JOHN DOE #1 and P.O. JOHN DOE #2 at all times mentioned herein.

33.     That at all times hereinafter mentioned, defendant P.O. JANE DOE #1 was acting within the scope of her employment and in the furtherance of his duties with the CITY OF NEW YORK.

34.     Defendant P.O. JANE DOE #1 is sued only in her individual capacity.

4

35.    At all times hereinafter mentioned, defendant P.O. JANE DOE #1 was acting under color of law, to wit: the laws of the State of New York and City of New York.

36.    At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF BRANDON NATHANIEL AND CHEREAN HAYNES.

37.    On November 17, 2010 at approximately and between 2:00 pm and 3:00 pm Plaintiffs, and a third male, were standing in front of 1072 Myrtle Avenue between Lewis Avenue and Marcus Garvey Boulevard in Brooklyn, New York.

38.    At that date, time, and location Plaintiffs were not engaged in any unlawful or criminal acts.

39.    That P.O. JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3, AND POLICE OFFICER JANE DOE #1 (hereafter collectively referred to as " P.O. JOHN DOE and his partners" ) were in uniform and driving in a marked patrol car.

40.    That P.O. JOHN DOE and his partners were not responding to any dispatched call at the time that they arrived at 1072 Myrtle Avenue in Brooklyn, New York.

5

53.    That Defendant CITY of NEW YORK caused allowed and permitted the unlawful acts to occur and condoned and ratified this policy and practice by the New York Police Department.

54.    That the practice of issuing summonses to cover up unlawful police actions is a pervasive practice and custom of the New York City Police Department.

55.    That Plaintiff HAYNES had to appear in Court on January 24, 2011 on the summons, which was docketed as 2011SK012335.

56.    That on that date the summons was dismissed by the Court as "legally insufficient".

57.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the United States.

58.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the State of New York.

59.    That due to the above Plaintiff HAYNES sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

60.    That due to the above Plaintiff HAYNES also seeks punitive damages.

61.    That due to the above Plaintiff HAYNES seeks attorneys fees.

62.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the United States.

63.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the State of New York.

64.    That due to the above Plaintiff NATHANIEL sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

7

65.    That due to the above Plaintiff NATHANIEL also seeks punitive damages.

66.    That due to the above Plaintiff NATHANIEL seeks attorneys fees.

## AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF BRANDON NATHANIEL.

### THE PARTIES AS TO ACTION TWO

67.    Plaintiff BRANDON NATHANIEL ( hereafter " NATHANIEL") was and still is an adult resident of Kings County, City and State of New York.

68.    The defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

69.    The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

70.    The defendant P.O. NELSON, a police officer employed by the New York Police Department, whose first name is currently unknown ( hereafter "P.O. NELSON") is an adult resident of the State of New York.

71.    That P.O. NELSON , upon information and belief, was assigned to the 79TH police precinct at al times herein mentioned.

72.    At all relevant times P.O. NELSON was employed as a New York City Police Officer and was employed by the City of New York.

73.    At all relevant times P.O. NELSON was assigned to an un marked patrol car within the confines of the 79th police precinct.

8

74.     That at all times hereinafter mentioned, defendant P.O. NELSON was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

75.     Defendant P.O. NELSON is sued only in his individual capacity.

76.     At all times hereinafter mentioned, defendant P.O. NELSON was acting under color of law, to wit: the laws of the State of New York and City of New York.

77.     The defendant P.O. JOHN DOE #4 is an adult resident of the State of New York.

78.     That P.O. JOHN DOE #4, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79TH police precinct at all times mentioned herein.

79.     At all relevant times P.O. JOHN DOE #4 was employed as a New York City Police Officer and was employed by the City of New York.

80.     At all relevant times P.O. JOHN DOE #4 was working as a partner to P.O. NELSON at all times mentioned herein.

81.     That at all times hereinafter mentioned, defendant P.O. JOHN DOE #4 was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

82.     Defendant P.O. JOHN DOE #4 is sued only in his individual capacity.

83.     At all times hereinafter mentioned, defendant P.O. JOHN DOE #4 was acting under color of law, to wit: the laws of the State of New York and City of New York.

84.     The defendant P.O. JANE DOE #2 is an adult resident of the State of New York.

9

85.     That P.O. JANE DOE #2, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79TH police precinct at all times mentioned herein.

86.     At all relevant times P.O. JANE DOE #2 was employed as a New York City Police Officer and was employed by the City of New York.

87.     At all relevant times P.O. JANE DOE #2 was working as a partner to P.O. NELSON and P.O. JOHN DOE #4 at all times mentioned herein.

88.     That at all times hereinafter mentioned, defendant P.O. JANE DOE #2 was acting within the scope of her employment and in the furtherance of his duties with the CITY OF NEW YORK.

89.     Defendant P.O. JANE DOE #2 is sued only in her individual capacity.

90.     At all times hereinafter mentioned, defendant P.O. JANE DOE #2 was acting under color of law, to wit: the laws of the State of New York and City of New York.

91.     At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

**PROCEDURAL HISTORY**

92.     That a Notice of Claim regarding the acts herein was served upon Defendant THE CITY OF NEW YORK on March 17, 2011, within ninety days of the occurrence.

93.     That on May 6, 2011, the Plaintiff NATHANIEL was examined by the Defendant THE CITY OF NEW YORK at a hearing pursuant to General Municipal Law 50-H.

10

94.    That more than thirty days has elapsed since the serving of the Notice of Claim and the Defendant THE CITY OF NEW YORK has not settled or resolved the claims.

95.    That this action is being commenced within one year and ninety days of the accrual of the action.

## FACTS

96.    That on February 16, 2011 at approximately 12:00 pm Plaintiff NATHANIEL was lawfully within the FIVE STAR DELI located at 107 Marcus Garvey Boulevard in Brooklyn, New York.

97.    That Plaintiff NATHANIEL was not involved in any illegal or unlawful activity.

98.    That P.O. NELSON, Police Officer JOHN Doe # 4 , and JANE DOE #2 ( hereafter referred to as "P.O. NELSON and his partners ") were working as plain clothes police officers.

99.    That P.O. NELSON and his partners were using an unmarked police vehicle.

100.    That P.O. NELSON and his partners sat in front of the location and were staring at Plaintiff NATHANIEL.

101.    That one of the officers, a male black, believed to be P.O. NELSON entered the store , approached Plaintiff, and ordered Plaintiff to leave the store with him.

102.    Outside, P.O. NELSON started questioning Plaintiff as to what Plaintiff had on Plaintiff's person and saying that if Plaintiff told the Officer then what Plaintiff had on his person that Plaintiff would only receive a summons and that Plaintiff would be let go from custody, but that if Plaintiff did not tell the Officer what Plaintiff had on his person that Plaintiff would be arrested and Plaintiff would go through the system.

103. That Plaintiff informed the officer that he had nothing on his person.

104. That in response, P.O. NELSON began to search Plaintiff, Plaintiff's coat, pants, reached into Plaintiff's waistband and down Plaintiff's legs .

105. P.O. NELSON then informed his partners that they will have to take Plaintiff into the Precinct.

106. That Plaintiff was handcuffed and confined.

107. That Plaintiff was put into a police car and taken to the 79th Police Precinct.

108. That at the 79th Police Precinct there were supervisors and superiors working.

109. That Plaintiff was taken to the rear of the Precinct and strip searched by P.O. NELSON and Police Officer JOHN DOE #4.

110. That Plaintiff was placed in a cell.

111. That P.O. NELSON later released Plaintiff but gave Plaintiff a summons for disorderly conduct charging a violation of Penal Law 240.20.

112. That P.O. NELSON caused criminal charges to be brought against Plaintiff.

113. That Plaintiff was innocent of said charges.

114. That Defendants P.O. NELSON and his partners knew Plaintiff was innocent of these charges.

115. That defendants P.O. NELSON and his partners brought these charges to cover up their illegal and unconstitutional acts.

116. That defendants P.O. NELSON and his partners brought these charges with malice and with gross disregard for the rights of Plaintiff and for the truth.

117. That Defendants P.O. NELSON and his partners superiors ratified the unlawful actions of the Defendants.

118.    That Defendant CITY of NEW YORK caused allowed and permitted the unlawful acts to occur and condoned and ratified this policy and practice by the New York Police Department.

119.    That Plaintiff was unlawfully confined.

120.    That Plaintiff was conscious and aware of his confinement.

121.    That Plaintiff appeared in Court on April 18, 2011 on the summons.

122.    That the summons was dismissed as "legally insufficient" by the Court on April 18, 2011.

123.    That Plaintiff sustained damage to Plaintiff's reputation by the false and defamatory statements and actions by the Defendants.

124.    That Plaintiff sustained mental suffering and emotional impairment from the acts of the Defendants.

125.    That the above acts and omissions deprived Plaintiff of his civil rights under the United States Constitution and New York State Constitution.

126.    There was no legal justification or excuse for the unlawful arrest , assault, battery and violation of Plaintiff's civil rights  by the Defendants P.O. NELSON and his partners and CITY OF NEW YORK.

127.    As the result of the foregoing, Plaintiff feared for his personal safety, was deprived of his liberty and was humiliated and  embarrassed.

128.    The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  As such, plaintiff seeks relief pursuant to 42 U.S.C. §1983.

13

129.    The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York . As such, plaintiff seeks relief against the defendants P.O. NELSON and his partners, and the CITY OF NEW YORK. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. §1367(a).

130.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the United States.

131.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the State of New York.

132.    That due to the above Plaintiff NATHANIEL sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

133.    That due to the above Plaintiff NATHANIEL also seeks punitive damages.

134.    That due to the above Plaintiff  NATHANIEL seeks attorneys fees.

## AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF CIVIL AND  CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF BRANDON NATHANIEL.

### THE PARTIES TO THE THIRD CAUSE OF ACTION.

135.    Plaintiff  BRANDON NATHANIEL ( hereafter " NATHANIEL") was and still is an adult resident of  Kings County, City and State of New York.

136.    The defendant CITY OF NEW YORK  is a municipal corporation formed and existing pursuant to the laws of the State of New York.

137.    The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

14

138.    The defendant POLICE OFFICER MARTICCUCI , Shield #5739, a police officer employed by the New York Police Department, whose first name is currently unknown (hereafter "P.O. MARTICCUCU") is an adult resident of the State of New York.

139.    That P.O. MARTICCUCI , upon information and belief, was assigned to the 81st police precinct at al times herein mentioned.

140.    At all relevant times P.O. MARTICCUCI  was employed as a New York City Police Officer and was employed by the City of New York.

141.    At all relevant times P.O. MARTICCUCI  was assigned to a marked patrol car within the confines of the 79/ 81  police precincts.

142.    That at all times hereinafter mentioned, defendant P.O. MARTICCUCI   was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

143.    Defendant P.O. MARTICCUCI  is sued only in his individual capacity.

144.    At all times hereinafter mentioned, defendant P.O. MARTICCUCI  was acting under color of law, to wit: the laws of the State of New York and City of New York.

145.    The defendant P.O. JOHN DOE #5 is an adult resident of the State of New York.

146.    That P.O. JOHN DOE #5, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 81st police precinct at all times mentioned herein.

147.    At all relevant times P.O. JOHN DOE #5 was employed as a New York City Police Officer and was employed by the City of New York.

15

148.    At all relevant times P.O. JOHN DOE #5 was working as a partner to P.O. MARTICCUCI at all times mentioned herein.

149.    That at all times hereinafter mentioned, defendant P.O. JOHN DOE #5 was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

150.    Defendant P.O. JOHN DOE #5 is sued only in his individual capacity.

151.    At all times hereinafter mentioned, defendant P.O. JOHN DOE #5 was acting under color of law, to wit: the laws of the State of New York and City of New York.

152.    At all times mentioned the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing

## PROCEDURAL HISTORY

153.    That a Notice of Claim regarding the acts herein was served upon Defendant THE CITY OF NEW YORK on May 26, 2011, within ninety days of the occurrence.

154.    That the Plaintiff NATHANIEL was not examined by the Defendant THE CITY OF NEW YORK as no hearing was requested by Defendant CITY OF NEW YORK pursuant to General Municipal Law 50-H.

155.    That more than thirty days has elapsed since the serving of the Notice of Claim and the Defendant THE CITY OF NEW YORK has not settled or resolved the claims.

156.    That this action is being commenced within one year and ninety days of the accrual of the action.

## FACTS

157.    That on March 9, 2011 at approximately 22:10 pm Plaintiff NATHANIEL was lawfully within the FIVE STAR DELI located at 107 Marcus Garvey Boulevard in Brooklyn, New York.

158.    That Plaintiff NATHANIEL was not involved in any illegal or unlawful activity.

159.    That P.O. MARTICCUCI  and Police Officer JOHN Doe # 5 ( hereafter referred to as "P.O. MARTICCUCI and his partner") were working as uniformed police officers.

160.    That P.O. MARTICCUCI and his partner were using an un marked police vehicle.

161.    That P.O. MARTICCUCI and his partners sat in front of the location and were staring at Plaintiff NATHANIEL.

162.    That  P.O. MARTICCUCI and his partner entered the store , approached Plaintiff, and  demanded that Plaintiff produce identification, the Plaintiff was then ordered to leave the store with the police officers.

163.    Outside, P.O. MARTICCUCI and his partner started questioning Plaintiff as to what Plaintiff  had in Plaintiff's mouth , and when Plaintiff explained that Plaintiff had an abcess, the police officers demanded that Plaintiff open Plaintiff's mouth.

164.    Thereupon the Defendant police officers cursed Plaintiff and placed Plaintiff against the glass of the store window and searched Plaintiff's person and that if Plaintiff told the Officer now what  Plaintiff had on his person that Plaintiff would only receive a summons and that

17

Plaintiff would be let go from custody, but that if Plaintiff did not tell the Officer that Plaintiff would be arrested and Plaintiff would go through the system.

165.    That Plaintiff informed the officer that he had nothing on his person.

166.    That Plaintiff was then released after being searched and no contraband being found.

167.    That Defendants P.O. MARTICUCCI and his partner's superiors ratified the unlawful actions of the Defendants.

168.    That Defendant CITY of NEW YORK caused allowed and permitted the unlawful acts to occur and condoned and ratified this policy and practice by the New York Police Department.

169.    That Plaintiff was unlawfully confined.

170.    That Plaintiff was conscious and aware of his confinement.

171.    That Plaintiff sustained mental suffering and emotional impairment from the acts of the Defendants.

172.    That the above acts and omissions deprived Plaintiff of his civil rights under the United States Constitution and New York State Constitution.

173.    There was no legal justification or excuse for the unlawful stop, detention, search, battery and violation of Plaintiff's civil rights by the Defendants P.O. MARTICCUCI and his partners and Defendant CITY OF NEW YORK.

174.    As the result of the foregoing, Plaintiff feared for his personal safety, was deprived of his liberty, was humiliated and embarrassed.

18

175.    The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, plaintiff seeks relief pursuant to 42 U.S.C. §1983.

**176.**    The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York . As such, plaintiff seeks relief against the defendants P.O. MARTICCUCI and his partners, and the CITY OF NEW YORK. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. §1367(a).

177.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the United States.

178.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the State of New York.

179.    That due to the above Plaintiff NATHANIEL sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

180.    That due to the above Plaintiff NATHANIEL also seeks punitive damages. That due to the above Plaintiff NATHANIEL seeks attorneys fees.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND  CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF BRANDON NATHANIEL AND CHEREAN HAYNES.

**THE PARTIES AS TO ACTION FOUR**

181.    Plaintiff  BRANDON NATHANIEL ( hereafter " NATHANIEL") was and still is an adult resident of  Kings County, City and State of New York.

19

182.    Plaintiff CHEREAN HAYNES ( hereafter " HAYNES") was and still is an adult resident of Kings County, City and State of New York.

183.    The defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

184.    The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

185.    The defendant POLICE OFFICER MIKELANG ZIDOR, Tax identification number 946412, a police officer employed by the New York Police Department, ( hereafter "P.O. ZIDOR") is an adult resident of the State of New York.

186.    That P.O. ZIDOR, upon information and belief, was assigned to the PSA-3 police precinct at al times herein mentioned.

187.    At all relevant times P.O. ZIDOR was employed as a New York City Police Officer and was employed by the City of New York.

188.    At all relevant times P.O. ZIDOR was assigned to a marked patrol car within the confines of the PSA-3[h] police precinct.

189.    That at all times hereinafter mentioned, defendant P.O. ZIDOR was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

190.    Defendant P.O. ZIDOR is sued only in his individual capacity.

191.    At all times hereinafter mentioned, defendant P.O. ZIDOR was acting under color of law, to wit: the laws of the State of New York and City of New York.

20

192.    The defendant POLICE OFFCIER JANE DOE #3 ( hereafter "P.O. JANE DOE #3") is an adult resident of the State of New York.

193.    That P.O. JANE DOE #3, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the PSA-3 police precinct at all times mentioned herein.

194.    At all relevant times P.O. JANE DOE #3 was employed as a New York City Police Officer and was employed by the City of New York.

195.    At all relevant times P.O. JANE DOE #3 was working as a partner to P.O. ZIDOR at all times mentioned herein.

196.    That at all times hereinafter mentioned, defendant P.O. JANE DOE #3 was acting within the scope of her employment and in the furtherance of her duties with the CITY OF NEW YORK.

197.    Defendant P.O. JANE DOE #3 is sued only in her individual capacity.

198.    At all times hereinafter mentioned, defendant P.O. JANE DOE #3 was acting under color of law, to wit: the laws of the State of New York and City of New York.

199.    The defendant P.O. JANE DOE #3 is an adult resident of the State of New York.

200.    At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiffs' injuries.

21

## PROCEDURAL HISTORY

201.    That a Notice of Claim regarding the acts herein was served upon Defendant THE CITY OF NEW YORK on July 14, 2011, by each Plaintiff, within ninety days of the occurrence.

202.    That on September 6, 2011, the Plaintiff NATHANIEL was examined by the Defendant THE CITY OF NEW YORK at a hearing pursuant to General Municipal Law 50-H.

203.    That on September 6, 2011, the Plaintiff HAYNES was examined by the Defendant THE CITY OF NEW YORK at a hearing pursuant to General Municipal Law 50-H.

204.    That more than thirty days has elapsed since the serving of the Notice of Claims and the Defendant THE CITY OF NEW YORK has not settled or resolved the claims.

205.    That this action is being commenced within one year and ninety days of the accrual of the action.

## FACTS

206.    That on June 17, 2011 at approximately 8:30 pm Plaintiffs NATHANIEL and HAYNES were lawfully sitting on a bench on the side of 1031 Myrtle Avenue in Brooklyn, New York.

207.    That Plaintiffs were not involved in any illegal or unlawful activity.

208.    That P.O. ZIDOR, Police Officer JANE DOE #3 and other police officers (hereafter referred to collectively as "P.O. ZIDOR and his partners") approached Plaintiffs and detained Plaintiffs.

209.    That P.O. ZIDOR and his partners searched Plaintiffs.

22

210.    That P.O. ZIDOR and his partners handcuffed Plaintiffs.

211.    That Plaintiffs were confined.

212.    That Defendant P.O. ZIDOR threatened Plaintiff HAYNES.

213.    That Defendant P.O. ZIDOR used physical force against Plaintiff
HAYNES.

214.    That Plaintiff s were put into a police car and taken to the PSA-3 Police
Precinct.

215.    That at the PSA-3 Police Precinct there were supervisors and superiors
working.

216.    That Plaintiffs were placed in a cell.

217.    That P.O. ZIDOR caused criminal charges to be brought against Plaintiffs.

218.    That Plaintiffs were innocent of said charges.

219.    That Defendants P.O. ZIDOR and his partners knew Plaintiffs were
innocent of these charges.

220.    That defendants P.O. ZIDOR and his partners brought these charges to
cover up their illegal and unconstitutional acts.

221.    That defendants P.O. ZIDOR and his partners brought these charges with
malice and with gross disregard for the rights of Plaintiffs and for the truth.

222.    That Defendants P.O. ZIDOR and his partners superiors ratified the
unlawful actions of the Defendants.

223.    That Defendant CITY of NEW YORK caused allowed and permitted the
unlawful acts to occur and condoned and ratified this policy and practice by the New York Police
Department.

23

224.    That Plaintiffs were conscious and aware of their confinement.

225.    That Plaintiffs appeared in Court on July 25, 2011 and other dates on the desk appearance tickets issued.

226.    That the desk appearance tickets were dismissed.

227.    That Plaintiffs sustained damage to Plaintiffs reputation by the false and defamatory statements and actions by the Defendants.

228.    That Plaintiffs sustained mental suffering and emotional impairment from the acts of the Defendants.

229.    That the above acts and omissions deprived Plaintiffs of their civil rights under the United States Constitution and New York State Constitution.

230.    There was no legal justification or excuse for the unlawful arrest , assault, battery and violation of Plaintiff's civil rights  by the Defendants P.O. ZIDOR and his partners and CITY OF NEW YORK.

231.    As the result of the foregoing, Plaintiffs feared for their personal safety, were deprived of their liberty, and were humiliated and  embarrassed..

232.    The acts of the aforesaid defendants violated the rights granted to plaintiffs pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  As such, plaintiffs seeks relief pursuant to 42 U.S.C. §1983.

233.    The acts of the aforesaid defendants violated the rights granted to the plaintiffs pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York .  As such, plaintiffs seek relief against the defendants P.O. ZIDOR and his partners, and the CITY OF NEW YORK. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. §1367(a).

24

234.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the United States.

235.    That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the State of New York.

236.    That due to the above Plaintiff NATHANIEL sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

237.    That due to the above Plaintiff NATHANIEL also seeks punitive damages.

238.    That due to the above Plaintiff  NATHANIEL seeks attorneys fees.

239.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the United States.

240.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the State of New York.

241.    That due to the above Plaintiff HAYNES sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

242.    That due to the above Plaintiff HAYNES also seeks punitive damages.

243.    That due to the above Plaintiff  HAYNES seeks attorneys fees.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND  CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF BRANDON NATHANIEL AND CHEREAN HAYNES.**

244.    Plaintiffs repeat and reiterate the preceding paragraphs as if set forth fully herein.

25

245.   That the above acts show a widespread pervasive policy and practice of the New York City Police Department to violate the civil rights of the citizens of New York City, including Plaintiffs.

246.   That the City of New York causes, permits, allows, condones, instructs, and ratifies the unlawful and illegal conduct as described herein.

247.   As the result of the foregoing, Plaintiffs feared for their personal safety, were deprived of their liberty, and were humiliated and embarrassed..

248.   The acts of the aforesaid defendants violated the rights granted to plaintiffs pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  As such, plaintiffs seeks relief pursuant to 42 U.S.C. §1983.

249.   The acts of the aforesaid defendants violated the rights granted to the plaintiffs pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York . As such, plaintiffs seek relief against the defendants P.O. ZIDOR and his partners, and the CITY OF NEW YORK. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. §1367(a).

250.   That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the United States.

251.   That the above actions violated the civil rights of Plaintiff NATHANIEL which are guaranteed to Plaintiff by the Constitution of the State of New York.

252.   That due to the above Plaintiff NATHANIEL sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

253.   That due to the above Plaintiff NATHANIEL also seeks punitive damages.

254.   That due to the above Plaintiff  NATHANIEL seeks attorneys fees.

26

255.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the United States.

256.    That the above actions violated the civil rights of Plaintiff HAYNES which are guaranteed to Plaintiff by the Constitution of the State of New York.

257.    That due to the above Plaintiff HAYNES sustained damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

258.    That due to the above Plaintiff HAYNES also seeks punitive damages.

259.    That due to the above Plaintiff  HAYNES seeks attorneys fees.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

260.    The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

261.    The defendants acted with intent.

262.    The defendants acted knowingly or intentionally, jointly, in concert, and in a conspiracy to "cover-up" the unlawful acts of the defendants and to otherwise deprive plaintiff of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE,** Plaintiff demands judgment against the defendants as follows:

As to The First Cause of Action:

(i)    Compensatory damages in the amount of $500,000 dollars per Plaintiff;

(ii)    Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

(iii)    Attorneys' fees and the costs of this action;

(iv)    Such other relief as is fair, just, or equitable.

As to The Second Cause of Action:

27

   (i)  Compensatory damages in the amount of $500,000.00 dollars;

   (ii)  Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

   (iii)  Attorneys' fees and the costs of this action;

   (iv)  Such other relief as is fair, just, or equitable.

As to The Third Cause of Action:

   (i)  Compensatory damages in the amount of $500,000.00 dollars;

   (ii)  Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

   (iii)  Attorneys' fees and the costs of this action;

   (iv)  Such other relief as is fair, just, or equitable.

As to The Fourth Cause of Action:

   (i)  Compensatory damages in the amount of $500,000 dollars per Plaintiff;

   (ii)  Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

   (iii)  Attorneys' fees and the costs of this action;

   (iv)  Such other relief as is fair, just, or equitable.

As to The Fifth Cause of Action:

   (i)  Compensatory damages in the amount of $500,000 per Plaintiff;

   (ii)  Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

   (iii)  Attorneys' fees and the costs of this action;

   (iv)  Such other relief as is fair, just, or equitable.

Dated: New York, New York
    April 2, 2012

BY:

    John Tumelty (JT2840)
    Tumelty & Spier, LLP
    Attorneys for Plaintiff
    160 Broadway, Suite 708
    New York, New York 10038
    (212) 566-4681
    Fax (212) 566-4749
    e-mail johntslaw@aol.com

29